**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

KUOTHBANG YUOT,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. C 10-4013-MWB
(No. CR 07-4091-MWB)

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S SECTION 2255
MOTION**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. The Petitioner's Criminal Proceedings* . . . . . . . . . . . . . . . . . . 2
   *B. The Petitioner's Section 2255 Motion* . . . . . . . . . . . . . . . . . . 4

*II. PRELIMINARY MATTERS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*III. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
   *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . 5
   *B. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . 8
      *1.   Applicable Standards* . . . . . . . . . . . . . . . . . . . . . . 8
      *2.   Failure To Object To Sentence* . . . . . . . . . . . . . . . 10
      *3.   Failure To Investigate* . . . . . . . . . . . . . . . . . . . . . 11
      *4.   Failure To Raise Insufficiency Of The Evidence* . . . . . . . . 13
   *C. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . 14

*IV. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## I. INTRODUCTION

This case is before the court on petitioner Kuothbang Yuot's *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1), filed on February 1, 2010, and on appointed counsel's Plaintiff's Brief (Civ. docket no. 6), filed on March 30, 2010. Yuot claims that the attorney who represented him at the trial level provided him with ineffective assistance of counsel in several ways. The respondent denies that Yuot is entitled to any relief on his claims.

### A. The Petitioner's Criminal Proceedings

On December 20, 2007, Yuot was charged, along with one other co-conspirator, by a three-count Indictment (Crim. docket no. 1). Count one charged Yuot with conspiracy to distribute 50 grams or more of a mixture or substance containing cocaine, from about June 2007 through about November 2007 and count two charged Yuot with possession with intent to distribute 5 grams or more of a mixture or substance containing cocaine, on or about November 4, 2007. *See* Crim. docket no. 1. Yuot was not named in count three of the Indictment. Yuot appeared before United States Magistrate Judge Paul A. Zoss on January 7, 2008, and pleaded not guilty. *See* Crim. docket no. 8. On March 3, 2008, the government filed a Superseding Indictment (Crim. docket no. 13). The Superseding Indictment, in addition to other changes not affecting Yuot, extended the period of the alleged conspiracy in count one to February 2008, and named two additional individuals as alleged members of the conspiracy. *See* Crim. docket no. 13. On March 6, 2008, Yuot filed a Waiver of Personal Appearance at Arraignment and Entry of Plea of Not Guilty (Crim. docket no. 25). Yuot proceeded to trial with one other defendant named in the conspiracy charge, on July 28, 2008. *See* Crim. docket no. 98. At the close

of evidence Yuot's attorney moved for Judgment of Acquittal or in the alterative, Motion for New Trial based on sufficiency of the evidence, which was denied by the undersigned. *See* Crim. docket no. 103.  The jury found Yuot guilty on both count one and count two of the Superseding Indictment on July 30, 2008.  *See* Crim. docket no. 105.  Yout's renewed Motion for Acquittal or in the alternative Motion for New Trial (Crim. docket no. 108) filed on August 4, 2008, was denied by the undersigned by Order (Crim. docket no. 114) of August 11, 2008.  On January 13, 2009, by counsel, Yuot filed a Sentencing Memorandum and Motion For Downward Variance From The Advisory United States Sentencing Guidelines (Crim. docket no. 163), based on Yuot's struggles as a refugee and lifetime without parents, the nature and circumstances of his minimal involvement in the offense, and the unlikelihood that he would commit future criminal offenses.  Yuot, by counsel, filed a Motion For Downward Departure (Crim. docket no. 166), on January 19, 2009.  Yuot appeared, with counsel, for sentencing on February 9, 2009.  *See* Crim. docket no. 178.  The undersigned found Yuot's total offense level was 34, his criminal history category was 1 and the guideline range was 151 to 188 months.  (Sent. Trans. at 7-8).  Taking into account Yuot's status as a refugee, his traumatic life history, and the crack/powder disparity, the undersigned sentenced Yuot to 120 months imprisonment on counts one and two, to run concurrently. (Sent. Trans. at 8.)   In addition to the term of imprisonment,  Yuot was placed on supervised release for a period of 5 years on count one and for 4 years on count two to run concurrently.  (Sent. Trans. at 36-37).

On March 2, 2009,  Yuot, by counsel, filed a Notice Of Appeal (Crim. docket no. 188), to the United States Court of Appeals for the Eighth Circuit, appealing the district court's denial of his Motion for Judgment of Acquittal or, in the alternative, Motion for New Trial based on the sufficiency of the evidence. *See* Crim. docket no. 204.  On July 30, 2009, the United States Court of Appeals for the Eighth Circuit entered an Opinion

(Crim. docket no. 204) finding that there had been ample evidence to support Yout's conviction and affirming the denial of the motions by the district court. *See* Crim. docket no. 116.

## B. The Petitioner's Section 2255 Motion

On February 1, 2010, Yuot filed this *Pro Se* Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1) ("Motion"). By Order (Civ. docket no. 3), an attorney was appointed to represent Yuot with regard to his Motion. On March 30, 2010, by counsel, Yuot filed a Brief (Civ. docket no. 6), in support of his Motion. The respondent filed a Resistance (Civ. docket no.7), on May 12, 2010.

## II. PRELIMINARY MATTERS

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. § 2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Yuot's allegations, if accepted as true, would not entitle him to relief because he can demonstrate no prejudice and further that Yuot's allegations cannot be accepted as true because they are contradicted by the record.

4

Some of Yuot's claims appear to be procedurally defaulted, in that they were not raised at trial or on direct appeal. *See Ramey v. United States*, 8 F.3d 1313, 1314 ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)). However, the "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht*, 403 F.3d at 545. In construing Yuot's claims as claims of ineffective assistance of counsel, the court will assume, without deciding, that Yuot can show "cause and prejudice" to overcome defaulted claims, *inter alia*, as the result of "ineffective assistance" of trial counsel. Therefore, the court will pass on to the merits of Yuot's claims for § 2255 relief.

### III. LEGAL ANALYSIS
#### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Yuot's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to

> collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*).

A claim that has been unsuccessfully raised on direct appeal may not be relitigated on a motion to vacate. *Dall v. United States*, 957 F.2d 571, 572 (8th Cir. 1992). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual

prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d

673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)). With these standards in mind, the court turns to analysis of Yuot's claims for § 2255 relief.

### B. Ineffective Assistance Of Counsel
#### 1. Applicable Standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Yuot is entitled to relief on his

§ 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*,

9

423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). "[T]he standard for judging counsel's representation is a most deferential one." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). "There must be a substantial likelihood of a different result." *Harrington,* 131 S.Ct. at 792. Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 2. *Failure To Object To Sentence*

Yuot claims that the sentence he received was an illegal sentence and his counsel should have objected to imposition of the sentence in this case. (Motion at 4). However,

counsel appointed to represent him in this case indicates that Yuot, in filing this § 2255 Motion, misunderstood that he was subject to a mandatory minimum sentence of ten years. (Brief at 3). Respondent argues that pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B), Yuot was subject to mandatory minimum sentences of 120 and 60 months respectively. (Response at 8). Respondent asserts that Yuot received this sentence after consideration of his Motion for Downward Variance and that Yuot's sentence was "the statutory minimum for Count 1, considerably less than the statutory maximum for Count 2, and below the recommended guidelines range." (Response at 8).

Yuot cannot establish here that his counsel's performance at sentencing "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). Because Yuot has not shown deficient performance by counsel, the court need proceed no further in its analysis of this "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

### 3. *Failure To Investigate*

Yuot claims that his trial counsel failed to interview a witness who would have claimed that the drugs involved in count two of the Superseding Indictment were his and not Yuot's. (Motion at 5; Brief at 4-5). Respondent explains that Yuot was represented by two different attorneys prior to sentencing and that the second attorney, the attorney at issue here, upon being appointed to represent Yuot, contacted the first attorney, had the court appoint a private investigator, and verified that the witness at issue had been previously interviewed by the investigator for the first attorney and had been uncooperative. (Response at 8-11). Respondent asserts that, based on this information, Yuot's trial counsel determined that "it would likely have been a waste of time and resources" to further attempt to interview this witness. (Response at 11).

11

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. "[F]ailing to interview witnesses or discover mitigating evidence may be a basis for finding counsel ineffective within the meaning of the Sixth Amendment right to counsel." *Kramer v. Kemna*, 21 F.3d 305, 309 (8th Cir. 1994). However, "[c]ounsel is entitled to balance limited resources in accord with effective trial tactics and strategies." *Harrington,* 131 S.Ct. at 779. "An attorney can avoid activities that appear distractive from more important duties." *Harrington*, 131 S.Ct. at 789 (in turn citing *Bobby v. Van Hook*, 130 S.Ct. 13, 19 (2009) (*per curiam*)). "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691.

Here, counsel explains that he did investigate the possibility of interviewing the witness, but discovered that this witness had previously been interviewed, had not provided any useful information, and had been uncooperative; therefore, there was nothing that "would warrant a follow-up interview." (Affidavit at 2). Counsel is not ineffective for failing to interview a witness he has little reason to believe would be useful or helpful. *See Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989). Under these facts, Yuot cannot demonstrate that his counsel's representation amounted to incompetence under "prevailing professional norms." *See Harrington*, 131 S.Ct. at 788 (quoting *Strickland*, 466 U.S. at 690.

Even if Yuot were able to demonstrate that his trial counsel's performance was deficient, he has not established that he would have been prejudiced in this case. Yuot has provided no affidavit from the witness he alleges would have claimed ownership of the drugs for which Yuot was found responsible, or any other support. He has provided mere

speculation with regard to the testimony of this potential witness, which is insufficient to demonstrate prejudice. *See Sanders v. Trickey,* 875 F.2d 205, 210 (8th Cir. 1989) (holding that appellant who filed a § 2255 motion but produced no affidavit from the witness in question or any other independent support for his claim failed to show prejudice because he offered only speculation that he was prejudiced by his counsel's failure to interview the witness, which was not enough to undermine confidence in the outcome of the trial.) Yuot has not shown that the likelihood of a different result would have been substantial if this witness had been called and, therefore, he has not demonstrated that he suffered any prejudice. See *Harrington*, 131 S.Ct. at 792 .

Yuot's claim on this ground fails because he has not shown either that his counsel performed deficiently or that he was prejudiced.

### *4.    Failure To Raise Insufficiency Of The Evidence*

Yuot claims that his trial counsel failed to challenge his conviction based on the sufficiency of the evidence. (Motion at 7). Counsel appointed to represent Yuot on this § 2255 Motion states that it does appear that Yuot's trial counsel "did argue that there was insufficient evidence to convict Mr. Yuot." (Brief at 6). Respondent argues that Yuot's claim is without merit because his trial counsel challenged the sufficiency of the evidence moving for a judgment of acquittal, arguing that the government's evidence was insufficient to sustain a conviction, renewing his motion after the guilty verdicts had been entered, and by moving for a new trial on the grounds that the verdict was contrary to the weight of the evidence. (Response at 11-12). Respondent further asserts that this issue was raised unsuccessfully by appellate counsel. (Response at 12).

The record conclusively shows that counsel did challenge the verdict based on sufficiency of the evidence, therefore, this claim is without merit and fails.

13

### C. *Certificate Of Appealability*

Denial of Yuot's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Yuot has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Yuot's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Yuot does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

### IV. CONCLUSION

Upon the foregoing, Yuot's *Pro Se* Motion Under 28 U.S.C. § 2255 (Civ. no. 1), is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 21st day of April, 2011.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA